[Cite as *Salem v. Columbiana Cty. Bd. of Cmmrs.*, 2026-Ohio-579.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

CITY OF SALEM,

Plaintiff-Appellant,

v.

COLUMBIANA COUNTY BOARD OF COMMISSIONERS et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 CO 0017

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2024 CV 00537

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Stephen W. Funk*, Roetzel & Andress, LPA and *Atty. C. Brooke Zellers*, Salem City Law Director, for Plaintiff-Appellant

*Atty. Alfred E. Schrader*, Roderick Linton Belfance, LLP, for Defendants-Appellees

Dated: February 19, 2026

---

**WAITE, P.J.**

{¶1} Appellant City of Salem ("Salem") appeals a June 3, 2025 decision of the Columbiana County Court of Common Pleas adopting the decision of Appellee Columbiana County Board of Commissioners ("the Board"). The Board denied a petition filed by Laurie and Sean Butcher seeking to annex their real property and apparently also annex one-half of the width of Beechwood Road ("northern portion") fronting their property into the City of Salem. The southern portion of Beechwood Road had previously been annexed into Salem in unrelated proceedings. This appeal centers on whether the northern portion of the road, which is owned by Perry Township, prevents the Butcher property from being contiguous to Salem, thus barring annexation. The appeal also involves questions as to whether annexation would serve the good of the territory and whether it would create a road maintenance issue. Because the northern portion of Beechwood Road is owned by Perry Township and acts as a barrier between the Butcher property and Salem, the Butcher property is not contiguous and annexation was properly denied. Additionally, the Board did not abuse its discretion in deciding annexation would not benefit the general good. Salem's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} We note that although the Butcher family was actively involved in the proceedings up to this point and have an interest in the outcome of the appeal, they are not a party on appeal. The sole parties to this appeal are Appellant Salem and Appellees Board and Perry Township.

Case No. 25 CO 0017

{¶3}   Salem sought to expand its city limits through annexation.  One of its target areas for growth includes real property located at 1202 Beechwood Road, Perry Township, in Columbiana County.  The deed for that property contains a restriction that requires the homeowners to annex into the City of Salem "at the earliest possible time . . . if and when allowed by applicable law."  (3/6/24 Annex Response Letter.)

{¶4}   In exchange for this deed restriction, Salem provides water and sewer services to the property, as Perry Township apparently does not have the ability to provide those services.  Uncontested sworn testimony from multiple Beechwood Road property owners in a hearing held by the Board asserted that Perry Township residents are levied a fifty percent surcharge for these services provided by Salem.

{¶5}   On November 18, 2004, Jeffrey and Christine A. Dickey transferred the property at issue to Sean and Laurie Butcher.  The deed contains the above cited restriction.  The Butcher property has been located in Perry Township since the time of their ownership through the present.  During this time, Salem has provided water and sewer services to the residence.

{¶6}   The property across the road from the Butchers is owned by LLN Holdings, LLC.  The LLN Holdings property was a part of Perry Township until February 8, 2023, when Salem forced annexation of the property into the City of Salem.  In a later correspondence that is a part of this record, LLN Holdings asserted that it would not have annexed its entire property into the City of Salem had it known that such action would force the Butchers to also annex into Salem.

{¶7}   However, after the LLN Holdings annexation, Salem began sending letters to the Butchers demanding they file an annexation petition in accordance with their deed

restriction within ninety days, or Salem would discontinue providing water and sewer services to the property. There is also evidence that Salem officials personally visited the Butcher property and knocked on their door to persuade them to pursue annexation of the property.

{¶8} The Butchers clearly and continually indicated their desire for the property to remain within Perry Township. However, due to their receipt of several letters and home visits from Salem and its representatives threatening to terminate their water and sewer services, they reluctantly filed a petition to annex their property into Salem on July 11, 2024. The annexation petition included two tracts of land: (1) the Butcher property, and (2) a northern portion of Beechwood Road (thirty feet in width) that fronts the property, despite the fact that the Butchers do not own any portion of the roadway. The petition made it clear that the Butchers were filing the petition "as a result of the City of Salem's threats to discontinue Petitioners [sic] utilities if Petitioners do not file the Petition." (7/11/24 Petition.)

{¶9} While not much is known about the earlier LLN proceeding, there is evidence within the record that Perry Township, LLN Holdings, and Salem entered into some sort of agreement allowing the southern portion of the road up to the center line that abuts the LLN property to be included within that annexation. Somewhat unusually, the entirety of Beechwood Road had been deeded to Perry Township and had historically been maintained by Perry Township. According to the township, "in 1978 Bruce Herron dedicated the streets and land for open spaces to the public forever." (Exh. 2.) A survey within the record notes that the roadway "was Dedicated to the Public by Plat Vol. #13, Page #66." (Petition, Exh. B.)

**{¶10}** On October 27, 2023, Perry Township Trustee Steve Bailey filed a correspondence on behalf of the township objecting to annexation of the Butcher property into Salem.  In short, Bailey opined in this correspondence that the road belonged to Perry Township and served as a barrier to annexation, because the Perry Township road that was still owned by the township separated the LLN Holdings property and the Butcher property, thus preventing the Butcher property from being contiguous to Salem.

**{¶11}** Columbiana County Engineer Bert Dawson also provided the Board with a series of letters pertaining to the dispute.  The earlier letters are merely procedural updates.  However, on September 16, 2024, Dawson sent an opinion letter regarding the Butcher property's possible annexation to the Columbiana County Board of Commissioners.  In this letter, Dawson asserted that he reviewed the question of annexation of both the Butcher property and the portion of Beechwood Road that fronts this property into the City of Salem.  It is readily apparent that Dawson considered the possible annexation of both parcels, as the "regards" section of the letter referenced "Re-platted Lot 4 of Countryside Plat #1, Vol. 16, Pg. 68 50-05424.001 *and part of Beechwood Rd; Containing 0.80709 acres*."  (Emphasis added.)  (9/16/24 Dawson Opinion Letter.)  In relevant part, Engineer Dawson opined that:

> [T]he lots dedicated were all dedicated only to the right of way of Beechwood Road, which was thereby dedicated as 30'.  Conversely, the south part of Beechwood Road was acquired by the City of Salem in Ordinance # 230117-11 recorded on ORV 2617, Page 54-58.

It is therefore my opinion that the lots in question, as well as, the re-platted version thereof all exclude the 30' portion of Beechwood Road, which lies in front of the subject lots. This has led to my determination that the re-platted lots are not contiguous to the portion of Beechwood Road lying in the City as before referenced.

(9/16/24 Dawson Opinion Letter.)

{¶12} It appears that the Columbiana County Prosecutor's Office also opined that the Butcher property is not contiguous to the City of Salem. While a written opinion is not documented in the record, it is referenced in letters between both parties' counsel. Salem does not disagree that the prosecutor's office has expressed the opinion that the Butcher property is not contiguous to Salem.

{¶13} A public hearing on the proposed annexation was held on September 25, 2024. Sworn testimony was taken. Salem Law Director Brooke Zellers spoke in support of the annexation and announced that the city had passed an ordinance to provide services to the subject property. Zellers acknowledged that the Board was not bound by the Butcher deed restriction in deciding whether to permit the annexation, but encouraged support for annexation as it would halt future litigation on the matter. Zellers explained that Salem sought annexation because the city lacks land to allow for growth, and its only means of growth is by obtaining land through annexation. Mayor Cyndi Dickey also spoke at the meeting in support of the annexation.

{¶14} Perry Township Trustee Tony Ireopoli spoke in opposition to the annexation. Ireopoli explained the trustees learned there were approximately twenty-five more residences that would likely become subject to annexation if the Butchers' property

were annexed into Salem. He said Perry Township residents had been attending township meetings, concerned that these annexations were creating a "domino effect" and were forcing more residents into annexing into Salem against their will. He expressed concern that theses annexations would cause confusion and raise issues with emergency services and road maintenance, as it would create an "island" of certain Perry Township properties.

{¶15} Attorney Wayne Boyer, retained by the Butcher family, testified that he did not believe the requirement in their deed restriction had been triggered, because the northern portion of Beechwood Road is owned by Perry Township, not the Butchers. Because this strip of road sits in between Salem and the Butchers' property, Salem and the property proposed to be annexed do not touch, which violates the contiguous requirement of the annexation statute.

{¶16} Laurie Butcher spoke against annexation of her property. Mrs. Butcher explained her belief that Salem was "bullying" her into annexation. She testified that she and her husband do "not want to annex into the City of Salem. I work in Salem. I'm already paying city tax. We have concerns about the police and the fire department. I live down the street from a policemen [sic], around the corner from a fire department. City services are way further. As I have said, it's very stressful for the tax grab." (Hearing Tr., pp. 31-32.) She testified that the township's physical emergency service departments were located near her property, while Salem's police and fire departments were located much further away. She feared this would cause a delayed response from emergency services.

**{¶17}** Several neighbors also testified in opposition to annexation, including Jim Foster. Foster presented the Board with "signatures of the neighborhood, 33 families plus 40 additional households and families . . . that signed against the annexation." (Hearing Tr., p. 33.) This document was offered and accepted as an exhibit. A statement included in this exhibit asserted that they and similarly-situated Perry Township residents pay a 50% surcharge on water and sewer services received from the City of Salem. This exhibit concludes that as the township already receives fire and police services, the signatories would receive no benefit by annexation. Signatories to the exhibit also voiced concern there would be confusion as to which emergency departments should be called or would respond to the several residences on Beechwood Road, as not all properties would lie within the same jurisdiction. Finally, the signatories contended they did not want to become a part of Salem and this annexation was forcing residents into doing so.

**{¶18}** Leo Hickey of LLN Holdings also testified. It appears it was the annexation of his property that set several other annexations in motion, including the Butchers' annexation petition. Hickey testified that he attempted to fight off annexation for over a year, but ultimately lost. Hickey stated that it "cost me a lot of money to get that property annexed." (Hearing Tr., p. 36.) He discussed his desire to reverse the annexation through detachment, but that Salem fought his efforts.

**{¶19}** The neighbor directly to the west of the Butchers, Jay Turney, did not have the restriction in his deed requiring annexation. Turney testified against the Butchers' annexation petition despite his contention that he does not "have a dog in the fight." (Hearing Tr., p. 44.) He said it was inconceivable to him that Salem would send its snow plows out to service the mere 114 feet of Beechwood Road fronting the Butcher property

– 9 –

when the rest of Beechwood Road fronting the neighborhood's properties were to remain within the jurisdiction of Perry Township and maintained by the township. He stated that township residents would object to Perry Township plowing this portion of the road if the roadway property was annexed into Salem.

{¶20} Finally, Perry Township Trustee Jim Armeni read a statement. The statement began by discussing the unhappiness of those currently being forced to annex, those threatened with future annexation, and those unhappy with having already been forced to annex. He introduced a map to show that if the Butcher property and the section of Beechwood Road fronting it were annexed into Salem, "it could lead to numerous other annexations that would create an island of houses and is surrounded by the township. We believe this is detrimental to the area and creating issues with road, maintenance, fire and police services." (Hearing Tr., p. 40.) He stated: "I can tell you on one street if this were to happen you would have four homes and then 20 -- and 25 other on the same street in different political jurisdictions. That is foolish. There is no one in their right mind would agree with that." (Hearing Tr., pp. 42-43.)

{¶21} Following public hearing, on October 23, 2024, the Board denied the Butcher annexation petition through its Resolution 58-2024. On November 20, 2024, the City of Salem filed an appeal of the Board's denial with the Columbiana County Court of Common Pleas. Following oral argument, on June 3, 2025, the court denied Salem's appeal and adopted the Board's decision. In part, the court found that the annexation failed to satisfy R.C. 709.033(A)(1), (5), (6). Timely appeal of this decision was filed by Salem.

Case No. 25 CO 0017

Standard of Review

**{¶22}** The parties disagree as to the standard or standards of review of the denial of an annexation petition. We note that in making its initial decision on this issue, a board shall grant annexation "if it finds, based upon a preponderance of the substantial, reliable, and probative evidence on the whole record, that each of the [listed] conditions has been met . . ." R.C. 709.033(A)(1)-(6).

**{¶23}** In the event that a board's quasi-judicial administrative decision is appealed to the common pleas court, then:

> The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.

R.C. 2506.04.

**{¶24}** This standard of review provides the common pleas court in an administrative appeal with "extensive power to weigh the evidence." *Henley v. Youngstown Bd. of Zoning Appeals,* 90 Ohio St.3d 142, 147 (2000). "Although a trial is not conducted de novo where the proceedings before the board were recorded, in this type of appeal to the trial court from the denial of annexation, 'a virtual de novo examination of the record is conducted by the court pursuant to R.C. 2506.04.' " *Scio v.*

*N. Twp. Bd. of Trustees*, 2023-Ohio-2479, ¶ 27 (7th Dist.), citing *In re Petition to Annex 320 Acres to the Village of S. Lebanon*, 64 Ohio St.3d 585, 594, fn.6 (1992).

**{¶25}** Once the common pleas court issues its decision in the administrative appeal, "[t]he judgment of the [common pleas] court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." *Id.* at ¶ 28. "The scope of the appellate court's standard of review is more limited, as the ability to review questions of law does not include the same extensive power to determine the preponderance of the evidence." *Id.*, citing *Henley* at 147. "The appellate court can review for an abuse of discretion and shall not substitute its judgment for the administrative agency or the trial court merely because it would have decided the case differently." *Id.*, citing *Henley* at 147-148.

<u>ASSIGNMENTS OF ERROR NOS. 1, 2, 3, AND 4</u>

THE TRIAL COURT ERRED AS A MATTER OF LAW IN AFFIRMING THE BOARD'S FINDING THAT THE PROPERTY IS NOT ADJACENT TO THE CITY OF SALEM.

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN AFFIRMING THE BOARD'S FINDING THAT THE GENERAL GOOD OF THE TERRITORY PROPOSED TO BE ANNEXED WILL NOT BE SERVED.

THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN AFFIRMING THE BOARD'S FINDING THAT THE

BENEFITS TO THE TERRITORY AND THE SURROUNDING AREA DO NOT OUTWEIGH THE DETRIMENTS TO THE TERRITORY AND THE SURROUNDING AREA.

THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN AFFIRMING THE BOARD'S FINDING THAT THE PETITION FOR ANNEXATION DID NOT COMPLY WITH R.C. 709.033(A)(6).

{¶26} " 'Annexation' is a 'formal act' by which a municipal corporation 'incorporates land within its dominion.' " *State ex rel. St. Clair Twp. Bd. of Trustees v. City of Hamilton*, 2019-Ohio-717, ¶ 3, citing *Black's Law Dictionary* 108 (10th Ed.2014).

{¶27} Each of Appellant's four assignments of error center on a specific factor of R.C. 709.033(A), which provides a total of six factors to consider where annexation is disputed. Salem's four assignments are directed to three statutory factors in this appeal. In relevant part, the disputed factors provide:

(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.02 of the Revised Code.

. . .

(5) On balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the

annexation petition is granted. As used in division (A)(5) of this section, "surrounding area" means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed.

(6) No street or highway will be divided or segmented by the boundary line between a township and the municipal corporation as to create a road maintenance problem, or, if a street or highway will be so divided or segmented, the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway. For the purposes of this division, "street" or "highway" has the same meaning as in section 4511.01 of the Revised Code.

**{¶28}** As Salem's entire appeal focuses on R.C. 709 and its factors, their arguments will be addressed as a whole.

<u>Contiguous</u>

**{¶29}** The first factor Salem addresses is found within R.C. 709.02(A) which provides that: "[t]he owners of real estate *contiguous* to a municipal corporation may petition for annexation to a municipal corporation in the manner provided by sections 709.02 to 709.11 of the Revised Code." (Emphasis added.) The question here is whether the property sought to be annexed touches upon the jurisdiction seeking the annexation. In other words, whether the Butcher property touches City of Salem property.

**{¶30}** The answer to that question centers on whether the northern portion of Beechwood Road (still owned by Perry Township) lies between and serves as a barrier

<u>Case No. 25 CO 0017</u>

to the Butcher property and property within Salem's jurisdiction, separating the two. Salem argues that the annexation petition filed by the Butchers operates to request annexation of both their property and the northern portion of Beechwood Road which fronts their property, despite the fact that the Butchers do not own any portion of that road. If both the residential property and the roadway are considered as one parcel, together they abut property in Salem's jurisdiction. This would satisfy the contiguous requirement. Salem argues that the roadway to the center line must always automatically follow a property as it is annexed. Hence, Salem's view is that Beechwood Road does not form a barrier. The Board and Perry Township (along with the Butchers) contend that because Perry Township owns the northern portion of Beechwood Road fronting the Butcher property and the township objects to annexation, the Butcher property does not touch Salem.

{¶31} As previously noted by this Court in *Scio*, the word "contiguous" is not statutorily defined. Ohio courts have reviewed on a case-by-case basis whether a proposed annexation property and annexing municipality have the necessary degree of "touching" required for annexation. According to the Ohio Supreme Court, "[w]hile it is generally agreed that some touching of the municipality and the territory to be annexed is required, the law is unsettled as to what degree of touching is needed to fulfill the contiguity requirement." *City of Middletown v. McGee,* 39 Ohio St.3d 284, 287 (1988).

{¶32} We begin our analysis by acknowledging that Beechwood Road and its deed history present a unique situation and involve considerations that are atypical in an ordinary annexation proceeding. It is uncontested in this matter that Beechwood Road "was Dedicated to the Public by Plat Vol. #13, Page #66." (Petition, Exh. B.) According

to the township, "in 1978 Bruce Herron dedicated the streets and land for open spaces to the public forever." (Exh. 2.) Consequently, Beechwood Road has historically been both owned and maintained by Perry Township.

{¶33} Ordinarily, as explained by the Ohio Supreme Court, " '[i]t is a familiar principle of law that a grant of land bordering on a road or river carries the title to the center of the river or road, unless the terms or circumstances of the grant indicate a limitation of its extent by exterior lines.' 'In Ohio the same general rule is in force.' " *Greenberg v. L. I. Snodgrass Co.*, 161 Ohio St. 351, 360 (1954), quoting *Banks v. Ogden,* 69 U.S. 57 (1864). Hence, in Ohio, a property owner typically owns the land under the adjacent roadway to the center of that road. Normally, the city or town where the property is situated then own certain easements to maintain the roadway. However, Ohio law recognizes that there are exceptions to this situation, and one of those exceptions is presented in this case. Here, Beechwood Road was deeded to Perry Township as public space.

{¶34} While the southern part of Beechwood Road (the portion fronting LLN property to the center of the roadway) was previously annexed into Salem, we have no official records as to the process undertaken in that annexation. This matter does contain sworn and uncontested testimony that Perry Township and Salem worked out some agreement to allow annexation of the southern portion of Beechwood Road. In addition to that testimony, a statement from Perry Township, found in the record, provides: "Perry Township Trustees worked with the City of Salem to form an agreement that would allow Leo Hickey of LLN Holdings to annex this property [the southern portion of the road] into the City [of Salem]." (Exh. 2.) Thus, while we do not have the entire record of the process,

Case No. 25 CO 0017

it appears that all parties involved, here, knew that Beechwood Road was not deeded to the adjacent property owners as is typical in Ohio. Further, Salem knew it needed Perry Township to agree to the earlier annexation of the southern portion of Beechwood Road. Hence, it must have known that Perry Township's agreement to annex a section of the northern portion of Beechwood Road fronting the Butcher property was equally necessary, but not obtained. Additionally, while not raised below, this matter purports to seek annexation of two separate parcels owned by two separate owners, yet only one petition was filed by only one owner.

{¶35} Again, because of the atypical ownership of Beechwood Road, this is not the ordinary case where the property owner owns the land up to the center of the road. Had the road not been deeded to Perry Township in the manner it was, Salem is correct that the portion of the road fronting the Butcher property would have likely followed the remaining Butcher property during the annexation process. However, it is undisputed that Perry Township owns title to the northern portion of Beechwood Road and has not entered into an agreement with Salem for its annexation. Thus, it serves as a barrier to the contiguous requirement in the statute and bars annexation, as it lies between Salem and the proposed property seeking annexation, the Butcher property.

{¶36} While Perry Township's ownership of the road, alone, bars annexation of the Butcher property, it is not the only factor weighing against annexation, here. Sworn and uncontested testimony from Perry Township Trustee Jim Armeni shows that "the houses beside and behind the Butcher property are within Perry Township." (Hearing Tr., p. 39.) Perry Township Trustee Armeni provided a map which is a part of the record to illustrate this.

Case No. 25 CO 0017

**{¶37}** A "balloon" or a "shoestring" strip is generally not considered contiguous in Ohio. These describe a small strip of land (usually a road) which is used to reach out to touch and subsequently annex a larger property that would not touch the annexing jurisdiction without the strip's inclusion. While a peninsula annexation is generally discouraged, a peninsula effect alone, will not prevent annexation so long as it is not unreasonable, illogical, or arbitrary. *Scio* at ¶ 42, citing *Tuscarawas Twp. Bd. of Trustees v. Massillon*, 2009-Ohio-3267, ¶ 43 (5th Dist.), citing *In re appeal of Jefferson Twp. Bd. of Trustees*, 78 Ohio App.3d 493 (10th Dist. 1992).

**{¶38}** Because the land on both sides of, and behind, the Butcher property lies within Perry Township, annexation of the Butcher property and the roadway fronting this parcel (should it be approved) would create a peninsula, which is strongly discouraged in Ohio. As will be later addressed, such a peninsula in this case could create potential conflicts in the jurisdictions, not only with maintenance of the entire roadway but with emergency services and providers.

**{¶39}** The Board and the trial court heavily relied on the opinion of the Columbiana County Engineer Bert Dawson. In a document dated September 16, 2024, Dawson set forth his opinion on review of the issue. He opined to the Commissioners:

> You have asked that I review the area of the Countryside Addition in Perry Township in regard to the proposed annexation. Upon reviewing the maps involved I would offer the following opinion:

> Having reviewed several available definitions of contiguous, they universally state primarily that this term means being in actual contact at a

boundary or at a point. It is my belief that the area in subject does not have a point of actual contact. Lot 3 (replatted Lot 4) as platted in Vol. 11, Page 60 of the Columbiana County Records of Plats, presents that the lots dedicated were all dedicated only to the right of way of Beechwood Road, which was thereby dedicated as 30'. Conversely, the south part of Beechwood Road was acquired by the City of Salem in Ordinance # 230117-11 recorded on ORV 2617, Page 54-58.

It is therefore my opinion that the lots in question, as well as, the re-platted version thereof all exclude the 30' portion of Beechwood Road, which lies in front of the subject lots. This has led to my determination that the re-platted lots are not contiguous to the portion of Beechwood Road lying in the City as before referenced.

(9/16/24 Dawson Opinion Letter.)

**{¶40}** While Dawson's opinion is not a binding legal determination, it does clearly recognize that Perry Township's ownership of half of Beechwood Road means that the Butcher property is not contiguous to Salem and should bar annexation of the Butcher property. Thus, it clearly supports the Board and trial court's decisions.

**{¶41}** Salem heavily relies on *McGee* for the proposition that any roadway that abuts a jurisdiction seeking annexation should automatically be included into the proposed annexation. *McGee* stands for no such rule. No facts in *McGee* suggest that the road sought to be annexed in *McGee* involved the unique ownership issues that are present in the instant case, and it also appears that only the roadway was to be annexed.

Case No. 25 CO 0017

We do not disagree with the assertion that under certain circumstances a road may be annexed by a neighboring jurisdiction. However, the facts of this case are distinguishable from the facts in *McGee* in several ways.

Notably, the *McGee* case involved one road at two sides of a city (which already had a small portion of the road in the city limits), and thus, the petition involved two territories proposed for annexation. The Court enjoined annexation of the part of the road running away from the city and expressly refused to address the argument that an annexation petition describing two separate territories was illegal under Ohio law because the issue was not raised below (and was irrelevant to the complaining party due to the outcome of the Court's decision eliminating a non-contiguous portion). *McGee*, 39 Ohio St.3d 284 at fn. 4, 530 N.E.2d 902. The Court therefore did not endorse the practice. Moreover, *McGee* was an injunction action filed after a different type of annexation was granted rather than a direct review of a board's decision rejecting an annexation said to be filed by a majority of owners.

*Scio* at ¶ 45.

**{¶42}** There is no indication who owned the roadway sought to be annexed in *McGee*. Clearly though, *McGee* does not address the issue present in this case, where two properties owned by separate owners, the Butchers and Perry Township, must be "piggybacked" in order to meet the contiguous provision in the statute. Regardless, *McGee* also involved an injunction sought against the decision to annex, not a direct

review in an administrative appeal of a board's decision to reject annexation, at issue in the instant matter. Apparently, the city in *McGee* failed to object at the board hearing and so was left with only injunctive relief. Despite the higher standard for such relief, injunction was partially granted. Regardless, our holding today does not provide that annexation of a road may not occur. Our decision is limited in that it holds that such practice is barred where the road is owned by a municipality or person other than the owner of property proposed to be annexed, the owner of the road objects to the annexation, and without the roadway's annexation additional property sought to be annexed has no point of contiguity.

{¶43} Again, when looking at whether the properties are contiguous, we look solely to whether the Butcher property touches upon the City of Salem. The record is clear that the northern portion of Beechwood Road sits in between the Butcher property and Salem. Perry Township, not the Butchers, owns the northern portion of Beechwood Road and objects to the annexation petition. Hence, the Board and trial court correctly concluded as a matter of law that the contiguous requirement is not met. While a road may be annexed along with a parcel of land where both are owned by the same property owner, the facts here reveal that the Butchers do not own the northern portion of Beechwood Road fronting their property. Thus, it cannot be annexed along with the Butcher property absent the consent of Perry Township. While this, alone, prevents annexation, we will address the remaining contested elements of the annexation statute of concern to Salem.

Balance of the General Good

{¶44} The caselaw is clear that the spirit of the statute is "to give an owner of property freedom of choice as to the governmental subdivision in which he desires his

property to be located." *McGee* at 286. While the City of Salem contends that the law favors annexation, this is not the case where the facts support that it will do more harm than good.

**{¶45}** In order to grant annexation, it must be shown that "[o]n balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted." R.C. 709.033(A)(5).

**{¶46}** This Court has explained:

"Surrounding area" is defined as "the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed." *Id*. For purposes of applying case law on the general good condition, it should be pointed out an amendment effective March 27, 2002 added the clause "and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area" and added the definition of surrounding area. *See* 2001 S 5.

*Scio* at ¶ 101. *Scio* and *McGee* both hold that a determination as to what constitutes "general good" must be left to the sound discretion of the board and can only be overturned if some abuse has occurred.

**{¶47}** Our analysis begins with the sole "good" advanced by Salem, which is that annexation would allow the city to grow, which Salem apparently believes is inherently

good. To the degree that Salem also asserts another "good" would result from allowing the Butcher property to continue to receive water and sewer services, these services are already a benefit received by the property. The deed restriction allows Salem to discontinue the service only if the Butchers failed to file an annexation petition at the earliest opportunity. They did file their petition. Salem concedes that the Board is not bound by the deed restriction, thus the Board's decision rejecting the petition would not permit Salem to discontinue the services, as the Butchers did as they were required, even though they did not personally favor annexation and even though annexation was ultimately denied by the Board.

{¶48} Moving to the factors suggesting detriment, Ohio law provides that "owners of property who do not desire to have their property included in the territory to be annexed are generally considered to be adversely affected by the annexation." *Id.* at ¶ 106. Although the Butchers signed the petition, they made it clear they believed they did so "under duress." Salem takes issue with the common pleas court's finding that the Butchers signed the petition under "duress." While the best practice would be to exercise caution in using terms of art where there is no evidence of the relevant elements, the record is clear that the Butchers sought to avoid annexation and filed their petition only out of fear that they would lose their water and sewer services if they did not file. Thus, while the legal elements of duress are not met, the basic essence of the court's finding was that the Butchers were forced to file the petition because they did not have an immediate alternate source of water or sewer services and Salem threatened to discontinue those services within ninety days if they did not file. "Duress" in the legal sense is not reflected in this record, but the term was used by the court to reflect the

Butchers' severe reluctance to initiate this matter and to decide they would be adversely affected.

**{¶49}** Several neighbors also spoke out in opposition of the Butcher annexation as well. Jim Foster owns property near the Butchers and his deed apparently has a similar restriction. Relevant to the matter at hand, he, like many other neighbors who testified, voiced concern that a "domino effect" had started. More property owners were being forced into annexing into Salem against their will. Foster produced a lengthy list of neighbors in the area who objected to the annexation of their properties. A statement included on this document noted that at least part of their concerns stemmed from the fact that the neighborhood is in close proximity to the Perry Township police and fire department, and located farther away from Salem emergency services, thus they would receive more timely service from the township in the event of an emergency.

**{¶50}** While Salem deems the "domino effect" to be no more than speculation, neighbor Leo Hickey (of LLN Holdings) confirmed that this process has already begun, as Salem had forced annexation of his property earlier. This lead to the instant attempt to annex the Butcher property. Hickey testified that he would have done his annexation differently and split the property to avoid forcing the Butcher family to annex had he known that his own annexation would force the Butchers to seek annexation. He claimed to have fought his own annexation for over a year. He said the annexation process cost him a significant amount of money, insinuating that a portion of that cost was in higher taxes. He has also attempted to detach his property from Salem, but the city would not permit him to do so.

{¶51} Neighbor Jay Turney also testified. While he did not have the annexation restriction in his deed, he had concerns about maintenance of the street. He questioned whether Salem would be willing to send its snow plows to the area for the small amount of road (114 feet) fronting the Butcher property. He said he would object if Perry Township continued to maintain the roadway if it were annexed into Salem, because it would waste his tax money and township resources.

{¶52} We note that testimony from most of the neighbors was similar since most have properties that include the deed restriction requiring annexation under certain circumstances. While it is clear that none of these property owners desire to live in Salem, they are clearly required to abide by their own deed restrictions. This does not prevent the conclusion that they believed they would be adversely affected. Mr. Turney's concerns may have had slightly greater impact on the reviewing court, as he is concerned that road maintenance will become an issue since neighboring properties behind and on both sides of the Butchers' property would remain within Perry Township. The small strip of Beechwood Road in front of the Butcher property would be the only roadway for Salem to maintain, making it questionable they would expend many resources on it. This small strip also appears to be located somewhere in the middle of the northern portion of Beechwood Road, meaning Perry Township would still own that portion of the road fronting the Butchers' neighbor's properties on either side.

{¶53} Salem contends the property owners' concerns regarding emergency services should not have been considered, as they actually were claiming that Perry Township's services were "better," claims that cannot and should not be considered. However, the Butchers never claimed that either department was "better." They stated

that Perry Township police and fire departments were in closer proximity to their property, whereas Salem's departments were located further away. Thus, it would take longer to receive emergency services if they were forced to annex into Salem. The Butchers and their neighbors also voiced concern about receiving emergency services at all, as the more the street is split up into different jurisdictional islands, the more confusion would exist as to which jurisdiction should be called and which would respond to emergencies near the borderline areas.

{¶54} At oral argument, Salem claimed that it did not believe, but was not sure, that Perry Township maintained fire and police departments. It is clear from the sworn testimony and the exhibits in this record that Perry Township operates both a fire and police department and the buildings housing those services are in closer proximity to the Butcher property than Salem's. While which jurisdiction is "better" has no support in the record, it is certainly relevant which department could respond in a more organized and timely manner.

{¶55} One of the Perry Township Trustees who testified, Jim Armeni, voiced concern that, based on the remaining locations of those properties having the same deed restriction and the fact the owners undoubtedly would be pressured to file for annexation, serious issues concerning maintenance and service would arise. Taken alone, the annexation of the Butcher property would create an island. The map showing properties that would likely next be asked to file for annexation based on deed restrictions would deepen that effect, and cause additional islands of Salem's jurisdiction reaching into Perry Township. Perry Township Trustee Armeni testified that on one street that would next be subject to annexation, four or five properties would be within one jurisdiction and twenty

to twenty-five would lie within another jurisdiction. He testified that this would cause significant confusion and "is detrimental to the area and creat[es] issues with road, maintenance, fire and police services." (Hearing Tr., p. 157.)

**{¶56}** Reviewing the record for evidence of benefit of the annexation, the only fact supporting a benefit is allowing Salem to reach its goal to grow its jurisdictional boundaries. The facts reflecting harm include: opposition from the property owners, opposition from a large sector of the neighborhood, the creation of jurisdictional islands within the same street, future issues with the response time of emergency services, and concerns with road maintenance. In weighing these facts, it is abundantly clear that the Board did not abuse its discretion in finding the detrimental concerns outweigh any benefit, and this also weighs against annexation. The common pleas court did not err in affirming the Board's decision in this regard.

Road Maintenance Problem

**{¶57}** The final element Salem contests is whether annexation would create a road maintenance problem. Salem raises several points in favor of its annexation. First, it argues that there is already a road maintenance problem. Beechwood Road is currently divided, with one-half of the road up to its center line located within Perry Township and the other one-half of the road located in Salem. Second, Salem argues that the statute does not require a specific agreement between the parties as to maintenance, but that an ordinance passed by the City of Salem agreeing to maintain the road is sufficient to satisfy this element. Salem urges that if an actual contractual agreement were required, then townships and counties could prevent all annexation attempts by merely refusing to agree.

Case No. 25 CO 0017

**{¶58}** In response, the Board argues the Salem ordinance provides that, *if* road maintenance issues were created by annexation, it would assume responsibility of those issues. The Board argues this is evidence that road maintenance problems are foreseeable, otherwise there would be no reason to assume responsibility of any issue that might arise. The Board contends that the residents who would be harmed by a road maintenance problem in the future would not be able to personally enforce an ordinance, as they could through enforcement of a contractual agreement. The Board also points out that Salem's ordinance only stated it would maintain the frontage of the Butcher property, and omitted discussion of the remaining portions of Beechwood Road. Without including the remaining area of Beechwood Road, the Board argues that Salem's ordinance is deficient.

**{¶59}** Beginning with the statutory requirements, R.C. 709.033(A)(6) provides:

> No street or highway will be divided or segmented by the boundary line between a township and the municipal corporation as to create a road maintenance problem, or, if a street or highway will be so divided or segmented*, the municipal corporation has agreed, as a condition of the annexation,* that it will assume the maintenance of that street or highway. For the purposes of this division, "street" or "highway" has the same meaning as in section 4511.01 of the Revised Code.

**{¶60}** According to the plain language of the statute, the analysis begins with a determination of whether annexation would create a road maintenance problem. If the answer is no, the analysis ends and this factor weighs in favor of annexation. If the

answer is yes, however, it must be determined whether an actual agreement between the parties exists that delineates who will maintain the road.

{¶61} We note it is clear from the first two assignments of error that annexation of the Butcher property was properly denied. However, some of the testimony pertaining to road maintenance has already been raised and is relevant to the overarching issues.

{¶62} Again, we note the unique aspect of Beechwood Road. Beechwood Road is owned by Perry Township, which strenuously objects to annexation. While the southern portion of this road was successfully annexed into Salem, the northern portion was not. The southern portion of Beechwood Road fronts the LLN Holdings property. The LLN Holdings property is quite large, consisting of several acres of land. In contrast, the Butcher property that fronts a section of the northern portion of Beechwood Road encompasses only .797 acres. Consequently, the width of these two properties which front the roadway is obviously greatly different. The southern area of Beechwood Road that was annexed into Salem as a result of the LLN Holdings annexations appears to be about three times longer than the section of Beechwood Road fronting the Butcher property.

{¶63} Salem contends that allowing the Butcher annexation along with the section of the road that fronts the property will actually reunite the road. As to Salem's reunification argument, it appears that the length of the northern portion of Beechwood Road that that runs along the Butcher property amounts to approximately 114 feet. The amount of the southern portion of Beechwood Road that runs along the LLN property amounts to more than 520 feet. Hence, even if the Butcher annexation were to successfully move forward and were to include the section of the road fronting it, over

400 feet of Beechwood Road would lie partially within the City of Salem and partially within Perry Township. Thus, there would remain a significant road maintenance issue, as Salem would be responsible to maintain roughly 30 feet of only the southern portion of Beechwood Road as it apparently travels west to east, then maintain 114 feet of both sides of the road, then again maintain only one-half of more than 406 feet of the southern portion of the road. This is because LLN Holding's property extends apparently further west and east along Beechwood Road than the much smaller Butcher property.

**{¶64}** Significantly, Mr. Turney testified that he owns two parcels of land directly to the west of the Butcher property. Turney provided sworn, uncontested testimony that his deed does not contain the restriction related to annexation and that he objects to annexation. Thus, the portion of Perry-owned Beechwood Road that extends further west of the Butcher property will probably never be subject to annexation, creating what appears to be roughly thirty feet of Perry Township-owned land in the middle of Salem-owned roadway. Maintaining the status quo and leaving one-half the entire path of Beechwood Road within Perry Township would remove any possibility of a road maintenance problem, as both jurisdictions would continue to maintain one-half of the road throughout the entire stretch of Beechwood Road without any jurisdictional islands being created on either side of the Butchers' property.

**{¶65}** Salem heavily relies on a Ninth District case which held that an annexation should not result in a divided road. *See In Re Petition to Annex 331.2142 Acres,* 2004-Ohio-1425 (9th Dist.). However, it was the City of Salem's annexation of the southern portion of Beechwood Road fronting the LLN property that runs contrary to that holding, not the instant denial of annexation. Further, Beechwood Road now lies clearly one half

inside of Salem and the other half inside of Perry Township. It is the current proposed annexation of a small portion of Perry's one-half that would cause the "division" addressed unfavorably in *In Re Petition to Annex*.

**{¶66}** Because the Butcher annexation, should it include the fronting roadway, will create significant road maintenance issues, the trial court correctly determined that an agreement as to road maintenance would be required. Salem argues that its ordinance to maintain this road was sufficient. We need not address this contention, however, as it is clear that the Butcher property is not contiguous to Salem. It is also clear that annexation of the Butcher property and the Perry Township-owned roadway that fronts it would create road maintenance problems and create confusion and slower response times for first responders. Regardless of whether Salem's ordinance would be sufficient to address any maintenance problems, Beechwood Road is Perry Township's property. The township objects to annexation of this property. As such, the Butcher property is not contiguous to Salem. All of Appellant's assignments of error are overruled.

## Conclusion

**{¶67}** The City of Salem contends that the common pleas court erred in affirming the Board's decision to deny annexation of the Butcher property in this administrative appeal. Their argument to this Court centers on whether the northern portion of the road, which is owned by Perry Township, prevents the Butcher property from being contiguous to the City of Salem, thus barring annexation. The appeal also involves questions as to whether annexation would serve the good of the territory and whether it would create a road maintenance issue. Because the northern portion of Beechwood Road is owned by Perry Township and sits as a barrier in between the Butcher property and Salem, the

contiguous factor is not satisfied and the annexation cannot proceed. The common pleas court did not err in also upholding the Board's determination that annexation would not be more beneficial than harmful. The question whether Salem's maintenance ordinance regarding a portion of Beechwood Road suffices to address the maintenance issue is moot, because the road is owned by Perry Township and does not automatically follow the Butcher property into Salem should annexation be approved. Accordingly, Salem's arguments are without merit and the judgment of the trial court is affirmed.

Robb, J. concurs.

Hanni, J. dissents with dissenting opinion.

Hanni, J., dissenting.

**{¶68}** With regard and respect to my colleagues, I must dissent from the majority opinion. I would find that the trial court erred by adopting the Columbiana County Board of Commissioners' decision denying the Butchers' annexation petition.

**{¶69}** I agree with Appellant that the trial court erred in its contiguous factor finding under R.C. 709.33(A)(1). The only evidence relied upon by the trial court was the last of three letters provided by the Columbiana County Engineer.

**{¶70}** Engineer Dawson's first letter stated the petition for annexation appeared "okay to approve." (July 7, 2024 Dawson letter, Tr. Rd. on Appeal at 94). However, it was based only upon the Butchers' parcel and not the disputed part of Beechwood Road that the Butchers included in their petition for annexation. Engineer Dawson's second letter included both the parcel and the roadway, but merely stated that he reviewed the survey and it "agreed with county records." (July 22, 2024 Dawson letter, Tr. Rd. on Appeal at 95).

**{¶71}** Dawson's third letter, relied upon by the trial court, included a review of both the parcel owned by the Butchers and the disputed part of Beechwood Road they included in their annexation petition. (Sept. 16, 2024 Dawson letter, Tr. Rd. on Appeal at 96). Dawson indicated he reviewed various definitions of the word "contiguous" in formulating his conclusion and he attached the sources he used, a dictionary and the American Congress on Surveying and Mapping and the American Society of Engineers. The dictionary definition of "contiguous" he relied upon indicated that actual touching or contact was required, while the latter source stated that the term "[v]aries in meaning from

Case No. 25 CO 0017

in close proximity to near, though not in contact to, touching, or bounded, or traversed by."

**{¶72}** In this letter, Engineer Dawson opined that he reviewed the definitions of "contiguous," and

> They universally state primarily that this term means being in actual contact at a boundary or at a point. It is my belief that the area in subject does not have a point of actual contact. Lot 3 (replated [sic] Lot 4) as platted in Vol. 11, Page 60 of the Columbiana County Record of Plats, presents that the lots dedicated were all dedicated only to the right of way of Beechwood Road, which was thereby dedicated as 30'. Conversely, the south part of Beechwood Rad was acquired by the City of Salem in Ordinance # 2302127-11, recorded on ORC 2617, Page 54-58.

> It is therefore my opinion that the lots in question, as well as, the re-platted version thereof all exclude the 30' portion of Beechwood Road, which lies in front of the subject lots. This has led to my determination that the re-platted lots are not contiguous to the portion of Beechwood Road lying in the City as before referenced.

(Sept. 16, 2024 Dawson letter, Tr. Rd. on Appeal at 96).

**{¶73}** The trial court relied on caselaw discussing the term contiguous, yet it deemed proper the Board's reliance on Engineer Dawson's opinion "to determine whether or not the lots in question are 'contiguous' as per the meaning of the statute." There is

no evidence that Engineer Dawson is a legal expert or that he looked to or applied legal sources for his definition of "contiguous."

{¶74} Moreover, the facts do not support the Engineer's opinion. The Butchers' annexation petition included the northern half of Beechwood Road. The Engineer's report did not address the northern portion of Beechwood Road. Engineer Dawson concluded the Butchers' lot was not contiguous to the City of Salem because it was not adjacent to the "south part of Beechwood Road." (Sept. 16, 2024 Dawson letter, Tr. Rd. on Appeal at 96).

{¶75} Thus, I would find that the trial court lacked evidence to determine the contiguous factor in R.C. 709.033.

{¶76} In addition, I note that at the time of the development of the Countryside residential subdivision, the City of Salem agreed to provide water and sewer services for those residents in exchange for a deed restriction requiring annexation of the parcels into the City of Salem upon the occurrence of certain conditions. This deed restriction is included in the Butchers' deed. The City of Salem provided water and sewer services to the Butchers, as apparently Perry Township is unable to provide such services. Thus, Salem fulfilled its obligation to the Butchers.

{¶77} The annexation of LLN into the City of Salem triggered the Butchers' deed restriction to file an annexation petition. No objection or complaint was lodged when the City of Salem annexed LLN's property and the other part of Beechwood Road into the City. The parcel and the southern portion of Beechwood Road up the road up to the center line abutting the LLN property was annexed into Salem.

{¶78} For these reasons, I would find the trial court lacked evidence to determine the contiguous factor.  Without a supported determination of the contiguous factor, the two further disputed factors under R.C. 709.33 cannot be addressed.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**